# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HOSEA CROOMS,**

        **Plaintiff,**

**-vs-**                                                                         **Case No. 6:10-cv-438-Orl-31DAB**

**CITY OF DAYTONA BEACH RISK MANAGEMENT, AND CITY OF DAYTONA BEACH,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO APPEAR IN FORMA PAUPERIS (Doc. No. 9)**
>
> **FILED:** May 27, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Amended Complaint be **dismissed.**

As stated in the prior Report, upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in*

*forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Upon review of the initial complaint, the Court found that the Plaintiff did not allege a non-frivolous cause of action within the Court's limited jurisdiction (Doc. No. 3,6), and, as such, the complaint was **dismissed**. The instant Amended Complaint fares no better.

Federal courts are courts of limited jurisdiction. Here, again, Plaintiff purports to assert a cause of action under the Court's federal question jurisdiction (Doc. No. 1). In Count I, Plaintiff avers that the City of Daytona Beach violated the Equal Protection Clause of the Fourteenth Amendment by denying his worker's compensation claim "where other injured employees, under the same conditions and circumstances were treated differently and given compensation." Count II asserts the same claim against the Director of the City of Daytona Beach Risk Management, for denying his worker's compensation claim "when she or her predecessor has approved compensation for other employees similarly situated." As relief, Plaintiff specifically seeks "compensation for his injuries" as well as medical expenses "past, present and future" and attorney's fees.[1] Attached to the Complaint as exhibits are the state agency Order Denying Compensability and Finding Claimant Violated Florida Statute § 440.09(4), § 440.105(4), and § 440.15(5)(a); the Opinion of the state appellate court affirming that Order; an Order of the Florida Supreme Court dismissing Plaintiff's Petition for Review; copies of Reports and Orders docketed in the instant case; and documents reflecting that

---

[1]Considering that Plaintiff is appearing *pro se*, the request for attorney's fees is inexplicable.

Plaintiff has filed Chapter 13 Bankruptcy proceedings in the Jacksonville Division of this Court. No cognizable claim is presented.

Initially, the Court notes that as there is no direct right of action against state actors for violating the Unites States Constitution, claims alleging violation of a constitutional right must be brought pursuant to 42 U.S.C.§ 1983. *See Williams v. Bennett,* 689 F. 2d 1370, 1390 (11th Cir. 1982). There is no § 1983 claim pled here and that alone warrants dismissal. Moreover, as explained in prior Report and below, even if Plaintiff had couched his claim appropriately, he fails to present a federal claim.

To the extent Plaintiff is attempting to allege an equal protection violation, the Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (*quoting Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982)). " '[T]o properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately.' " *Boyd v. Peet*, 249 Fed.Appx. 155, 158 (11th Cir.2007) (internal citation omitted); *Bryant v. Mostert* , 636 F. Supp. 2d 1303, 1313 (M.D. Fla. 2009). As for how to set forth the required showing, the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal*, – U.S. —,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Applied here, Plaintiff does not plead "factual content" with respect to any similarly situated person who was treated differently by the City. Rather, Plaintiff merely sets forth the bald conclusion that "other" employees were treated differently.[2] This is insufficient.

More importantly, however, it is clear from the Amended Complaint and the exhibits attached that what Plaintiff is seeking in this action is to alter the determination in his worker's compensation case. This Court is without jurisdiction to do so. To the extent Plaintiff asserts that his undisclosed prior injury was not enough to deny him compensation, the state courts have ruled against his claim for benefits and that ruling forecloses re-litigation of the same facts and claims here. Federal courts are required to grant full faith and credit to state court judgments. 28 U.S.C. § 1738. "It is well settled law in the federal courts that a judgment of a court having jurisdiction of the parties and of the subject matter is conclusive of the matter it decides and cannot be collaterally attacked for error in procedure or as to the merits." *Bass v. Hoagland*, 172 F.2d 205, 208 (5th Cir. 1949).

As no cognizable claim within the limited jurisdiction of the Court has been stated or can be stated on these facts, it is **respectfully recommended** that the motion to proceed as a pauper be **denied** and the Complaint be **dismissed with prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2] The Court notes that in view of the state court's binding finding that Plaintiff is not entitled to worker's compensation benefits under state law, the similarly situated employee would have to be someone who was also found to be not entitled to benefits. Thus, Plaintiff would have to plead (and eventually prove) that the City granted benefits to some other employee despite the fact that he or she was adjudicated to be not entitled to those benefits. Needless to say, such averments would likely not survive the plausibility review.

Recommended in Orlando, Florida on May 28, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy